## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| GRACE McCONNELL, individually and on behalf of all others similarly situated,<br><br>v.<br><br>PERFECT PASTA ENTERPRISES L.L.C. and JIMMY'S PIZZA, INC. | Case No.: _____<br>Collective Action (29 U.S.C. § 216(b))<br>Class Action (FED. R. CIV. P. 23) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Grace McConnell brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA"), North Dakota Century Code 34, and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin Code § 46-02-07-01, *et seq.*) (together, "ND Wage Laws").

2.      McConnell worked in Perfect Pasta and Jimmy's Pizza's pizza restaurant.

3.      McConnell worked in excess of 40 hours per week.

4.      Even though McConnell worked more than 40 hours per week, Perfect Pasta and Jimmy's Pizza did not pay her overtime for hours worked over 40 per week.

5.      McConnell was paid a day rate, without any overtime compensation.

6.      McConnell was not paid a salary.

7.      Perfect Pasta and Jimmy's Pizza paid other restaurant workers a day-rate. These other employees also worked over 40 hours per week and were not paid overtime.

8.      Perfect Pasta and Jimmy's Pizza's failure to pay overtime to day-rate employees violates the FLSA.

9.     Perfect Pasta and Jimmy's Pizza's failure to pay overtime to daty rate employees violates the ND Wage Laws.

10.    This collective and class action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

11.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12.    The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events at issue occurred in this District.

14.    McConnell performed work for Perfect Pasta and Jimmy's Pizza in this District and Division.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Perfect Pasta and Jimmy's Pizza reside in this District.

## THE PARTIES

16.    McConnell worked for Perfect Pasta and Jimmy's Pizza from January to July 2016.

17.    McConnell brings this action on behalf of herself and all other similarly situated workers who were paid a day-rate with no overtime pay.

18.    Perfect Pasta and Jimmy's Pizza paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA and ND Wage Laws.

19.    McConnell written consent to be a party plaintiff is attached as Exhibit A.

20.    McConnell represents at least two classes of similarly situated co-workers.

21.     First, McConnell represents a class of similarly situated day-rate workers under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA Class sought to be certified is defined as:

> **All current and former day-rate restaurant workers employed by Perfect Pasta Enterprises L.L.C. or Jimmy's Pizza, Inc. in the United States in the past three years.**

22.     Second, McConnell represents a class of similarly situated day-rate under the ND Wage Laws pursuant to Federal Rule of Civil Procedure 23. The North Dakota Class sought to be certified is defined as:

> **All current and former day-rate restaurant workers employed by Perfect Pasta Enterprises L.L.C. or Jimmy's Pizza, Inc. in North Dakota in the past three years.**

23.     Collectively, the FLSA Class Members and North Dakota Class Members are referred to as "Putative Class Members."

24.     **Perfect Pasta Enterprises L.L.C.** is a Minnesota limited liability company that does business in this District and Division. It may be served by serving its registered agent for service of process, **Megan Gordon, 1509 6th Ave. NW #2, Watford City, ND 58854**.

25.     **Jimmy's Pizza, Inc.** is a Minnesota corporation that does business in this District and Division. It may be served by serving its registered agent for service of process, **Advanced Corporate Services, Inc., 51 Broadway N. Ste. 600, Fargo ND 58102-4970**.

26.     Perfect Pasta and Jimmy's Pizza are joint employers for purposes of the FLSA and the ND Wage Laws.

### PERFECT PASTA COVERAGE UNDER THE FLSA

27.     At all times hereinafter mentioned, Perfect Pasta has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28.     At all times hereinafter mentioned, Perfect Pasta has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29.     At all times hereinafter mentioned, Perfect Pasta has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

30.     At all times hereinafter mentioned, McConnell and the Putative Class Members and Hourly Class Members were engaged in commerce or in the production of goods for commerce.

## JIMMY'S PIZZA COVERAGE UNDER THE FLSA

31.     At all times hereinafter mentioned, Jimmy's Pizza has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32.     At all times hereinafter mentioned, Jimmy's Pizza has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

33.     At all times hereinafter mentioned, Jimmy's Pizza has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

34.     At all times hereinafter mentioned, McConnell and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTS**

35.     Perfect Pasta and Jimmy's Pizza operate restaurants throughout North Dakota.

36.     Perfect Pasta and Jimmy's Pizza also operate restaurants throughout Colorado, Minnesota, Montana, South Dakota, and Wisconsin.

37.     Perfect Pasta and Jimmy's Pizza's employees routinely handle goods or materials—such as ingredients and cooking equipment—that have moved in, or were produced for, interstate commerce.

38.     Perfect Pasta's annual gross revenues are in excess of $500,000.

39.     Jimmy's Pizza's annual gross revenues are in excess of $500,000.

40.     Perfect Pasta is a "covered enterprise" subject to the requirements of the FLSA.

41.     Jimmy's Pizza is a "covered enterprise" subject to the requirements of the FLSA.

42.     McConnell worked for Perfect Pasta and Jimmy's Pizza from January to July 2016.

43.     Perfect Pasta and Jimmy's Pizza paid McConnell a flat amount for each day worked with no overtime premium for hours worked in excess of 40 in a workweek.

44.     As nonexempt employees, McConnell and the Putative Class Members were entitled to overtime pay equal to 1.5 times their regular rates of pay for hours worked in excess of 40 in a workweek.

45.     Perfect Pasta and Jimmy's Pizza's restaurant workers are non-exempt employees. While the precise job duties of the restaurant workers may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek.

46.     Furthermore, the restaurant workers perform similar job duties related to preparing, serving, and delivering food.

47.     An employer can pay non-exempt employees on a day rate basis if the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

48.     Perfect Pasta and Jimmy's Pizza required McConnell and the Putative Class Members to work shifts of over ten hours each day for at least five days per week. Accordingly, they regularly worked in excess of 50 hours in a workweek.

49.     Perfect Pasta and Jimmy's Pizza know their restaurant workers work many more than 40 hours in a week. Perfect Pasta and Jimmy's Pizza's records reflect this fact, because they show some of the time worked by their workers, even though Perfect Pasta and Jimmy's Pizza did not keep records of the actual time worked.

50.     It is well established that restaurant workers—like McConnell and the Putative Class Members—are not exempt from the overtime provisions of the FLSA.

51.     McConnell was paid a day-rate.

52.     McConnell was not paid a salary.

53.     McConnell was paid based on the number of days she worked.

54.     If McConnell did not work on a certain day, then she was not paid for that day.

55.     A salary is not the same as a day rate.

56.     In fact, Perfect Pasta and Jimmy's Pizza likely pay certain employees—such as office workers—a salary.

57.     Perfect Pasta and Jimmy's Pizza nonetheless paid a day-rate without any overtime to certain employees, including McConnell.

58.     It is well-known day-rate employees are not exempt from the overtime provisions of the FLSA and ND Wage Laws, no matter what their job duties are.

59.     Perfect Pasta and Jimmy's Pizza know their day-rate restaurant workers are not exempt from the FLSA and ND Wage Law's overtime provisions.

60.     Perfect Pasta and Jimmy's Pizza willfully violated the FLSA because they know its day-rate restaurant workers are non-exempt and work over 40 hours in a workweek without overtime pay.

61.     Nonetheless, Perfect Pasta and Jimmy's Pizza do not pay their day-rate restaurant workers overtime for hours worked in excess of 40 in a workweek.

FIRST CAUSE OF ACTION—FLSA VIOLATIONS

62.     By failing to pay McConnell the FLSA Class overtime at one-and-one-half times their regular rates, Perfect Pasta and Jimmy's Pizza violated the FLSA's overtime provisions.

63.     Because they knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Perfect Pasta and Jimmy's Pizza owe these wages for the past three years.

64.     Perfect Pasta and Jimmy's Pizza owe McConnell and the FLSA Class an amount equal to the unpaid overtime wages as liquidated damages.

65.     McConnell and the FLSA Class are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

SECOND CAUSE OF ACTION—ND WAGE LAWS VIOLATIONS

66.     The conduct alleged in this Complaint violates the ND Wage Laws.

67.     Perfect Pasta was and is an "employer" within the meaning of the ND Wage Laws.

68.     Jimmy's Pizza was and is an "employer" within the meaning of the ND Wage Laws.

69.     At all relevant times, Perfect Pasta employed each member of the North Dakota Class as an "employee" within the meaning of the ND Wage Laws.

70.     At all relevant times, Jimmy's Pizza employed each member of the North Dakota Class as an "employee" within the meaning of the ND Wage Laws.

71.     The ND Wage Laws requires employers to pay overtime to all non-exempt employees.

72.     The members of the North Dakota Class were and are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

73.     Within the applicable limitations period, Perfect Pasta and Jimmy's Pizza had a policy and practice of failing to pay overtime pay to the North Dakota Class members for their hours worked in excess of 40 hours per week.

74.     Within the applicable limitations period, Perfect Pasta and Jimmy's Pizza had a policy and practice of requiring North Dakota Class members to work seven or more consecutive days in a row.

75.     As a result of Perfect Pasta and Jimmy's Pizza's failure to pay overtime to the North Dakota Class, Perfect Pasta and Jimmy's Pizza violated the ND Wage Laws.

76.     As a result of Perfect Pasta and Jimmy's Pizza's requirement that the North Dakota Class Members work seven or more consecutive days in a row, Perfect Pasta and Jimmy's Pizza violated the ND Wage Laws.

77.     The North Dakota Class is entitled to recover their unpaid overtime based on Perfect Pasta and Jimmy's Pizza's failure to pay 1.5 times their regular rates of pay for work performed in excess of 40 hours in a week, an amount equal to these underpayments as liquidated damages, and such other legal and equitable relief resulting from their violations of the ND Wage Laws as the Court deems just and proper.

78.     The North Dakota Class also seeks recovery of attorneys' fees and costs of this action to be paid by Perfect Pasta and Jimmy's Pizza, as provided by the ND Wage Laws.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

79.     McConnell incorporates all previous paragraphs and alleges that the illegal pay practices Perfect Pasta and Jimmy's Pizza imposed on him were likewise imposed on the Putative Class Members.

80.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and ND Wage Laws.

81.    Numerous other individuals who worked with McConnell indicated they were improperly classified as exempt, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and/ or federal wage laws.

82.    Thus, Perfect Pasta and Jimmy's Pizza imposed a uniform practice or policy on McConnell and the Putative Class Members regardless of any individualized factors.

83.    Based on her experiences and tenure with Perfect Pasta and Jimmy's Pizza, McConnell is aware that Perfect Pasta and Jimmy's Pizza's illegal practices were imposed on the Putative Class Members.

84.    Putative Class Members were all improperly classified as exempt and not afforded the overtime compensation when they worked in excess of 40 hours per week.

85.    Perfect Pasta and Jimmy's Pizza's failure to pay wages and overtime compensation at the rates required by the FLSA and ND Wage Laws result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

86.    McConnell's experiences are therefore typical of the experiences of the Putative Class Members.

87.    The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

88.    McConnell has no interest contrary to, or in conflict with, the Putative Class Members. Like each member of the proposed classes, McConnell has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

89.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

90.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Perfect Pasta and Jimmy's Pizza will reap the unjust benefits of violating the FLSA and ND Wage Laws.

91.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Perfect Pasta and Jimmy's Pizza, it would be unduly burdensome to the judicial system.

92.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

93.     The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

(a)     Whether the Putative Class Members were exempt from overtime;

(b)     Whether the Putative were not paid overtime at one and one half their regular rate of pay for hours worked in excess of 40 in a workweek;

(c)     Whether Perfect Pasta and Jimmy's Pizza's decision to not pay overtime to the Putative Class Members was made in good faith; and

(d)     Whether Perfect Pasta and Jimmy's Pizza's violation of the FLSA was willful.

94.     McConnell's claims are typical of the Putative Class Members claims. McConnell and the Putative Class Members Class Members have sustained damages arising out of Perfect Pasta and Jimmy's Pizza's illegal and uniform employment policy.

95.     McConnell knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

96.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

## RELIEF SOUGHT

97.    WHEREFORE, McConnell prays for judgment against Perfect Pasta and Jimmy's

Pizza as follows:

(a)    For an order certifying class action(s) under Rule 23 for the purposes of the claims under North Dakota law;

(b)    For an order certifying this case as a collective action for the purposes of the FLSA claims;

(c)    For an order finding Perfect Pasta and Jimmy's Pizza liable for violations of state and federal wage laws with respect to McConnell and all Putative Class Members covered by this case;

(d)    For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to McConnell and all Putative Class Members covered by this case;

(e)    For a judgment awarding McConnell and all Putative Class Members covered by this case their costs of this action;

(f)    For a judgment awarding McConnell and all Putative Class Members covered by this case their attorneys' fees;

(g)    For a judgment awarding McConnell and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(h)    For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

David I. Moulton
Texas Bar No. 24051093
Matthew S. Parmet
Texas Bar No. 24069719
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
dmoulton@brucknerburch.com
mparmet@brucknerburch.com

**Attorneys for Plaintiff**